UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFIQ SABIR,

       Petitioner,

                                      Case No. 25-cv-11393
v.                                  HON. MARK A. GOLDSMITH

WARDEN RARDIN,

       Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Rafiq Sabir, currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prisons' (BOP) refusal to release him to a halfway house or residential reentry center (RRC) under the Second Chance Act (SCA).

For the reasons stated below, the petition for a writ of habeas corpus is summarily dismissed.

**I. BACKGROUND**

Petitioner was convicted in the United States District Court for the Southern District of New York of two counts with conspiring and/or attempting to provide material support to al Qaeda in violation of 18 U.S.C. § 2339B. (ECF No. 1, PageID.30.) Petitioner was sentenced to 300 months' imprisonment on November 28, 2007.

Petitioner's conviction was affirmed on appeal. United States v. Farhane, 634 F.3d 127 (2d Cir. 2011); cert. den. sub. nom. Sabir v. United States, 565 U.S. 1088 (2011).

Petitioner subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied. Sabir v. United States, No. 05 CR. 673 (LAP), 2020 WL 6131419 (S.D.N.Y. Oct. 16, 2020); app. dism. No. 20-4141, 2021 WL 2417578 (2d Cir. May 5, 2021); cert. den. 142 S. Ct. 478 (2021).

In his current petition, Petitioner claims that while he was incarcerated at the Federal Correctional Institution in Danbury, Connecticut, his prison case manager recommended that Petitioner be released to a halfway house for the remaining 18-22 months of his sentence. Petitioner claims that upon his arrival at FCI-Milan in February of 2024, prison officials denied his placement in a halfway house for 18-22 months, approving him at most for 271-365 days in a halfway house. Petitioner's current projected release date from prison is October 2026. Petitioner seeks to be released immediately to a halfway house or residential reentry center.

## II. ANALYSIS

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. See Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. See Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." Allen v. Perini, 424 F.2d 134, 140 (6th Cir. 1970).

A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. Id. at 141.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. Id.  District courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. See, e.g., Perez, 157 F. Supp. 2d at 796 (additional citations omitted).  The petition is subject to summary dismissal because it is facially insufficient to grant habeas relief. See Alexander v. N. Bureau of Prisons, 419 F. App'x 544, 545 (6th Cir. 2011).

The Bureau of Prisons (BOP) assesses each inmate individually under the Second Chance Act (SCA) to determine whether they might qualify for up to 365 days of early transfer to prerelease custody. The SCA give the BOP the authority to determine an inmate's eligibility for RRC placement. See Second Chance Act of 2008, Pub. L. No. 110-199, § 251(a), 122 Stat. 657, 692–93 (April 9, 2008), 18 U.S.C. § 3624(c).  The Second Chance Act provides that the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c).

The decision to place an inmate in pre-release community confinement under the SCA is discretionary and will be "determined on an individual basis" according to the five factors contained in 18 U.S.C. § 3621(b)—known as "five factor review." 73 Fed. Reg. 62,440, 62,441 – 42 (Oct. 21, 2008). These factors include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any

3

statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. See 18 U.S.C. § 3621(b).

Nonetheless, "[t]he Second Chance Act does not guarantee a one-year RRC placement, but only directs the BOP to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence." Lovett v. Hogsten, No. 09-5605, 2009 WL 5851205, at *2 (6th Cir. Dec. 29, 2009). A prisoner has no right to be given a particular security level, Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976), nor does a prisoner have a constitutional right to placement in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983). Petitioner has no clearly established constitutional right to a placement in a residential re-entry center, a halfway house, or any particular place of confinement. See Harbin-Bey v. Rutter, 420 F.3d 571, 576 (6th Cir. 2005) (inmate's designation as a security threat group leader, which caused him to be excluded from community placement, and placed on visitor restrictions, without a hearing, did not violate inmate's equal protection or due process rights); Nunez v. FCI Elkton, 32 F. App'x 724, 725 (6th Cir. 2002) (prisoner failed to state a claim for due process violation where he was transferred and denied eligibility for placement in a halfway house); Porter v. Soice, 24 F. App'x 384, 386 (6th Cir. 2001) (prisoner had no constitutionally-protected liberty interest in being transferred to a halfway house); Heard v. Quintana, 184 F. Supp. 3d 515, 520-21 (E.D. Ky. 2016) (federal inmate lacked liberty interest in placement in residential reentry center or for release to home confinement pursuant to the Second Chance Act, and thus BOP's decision not to transfer him did not deprive him of either procedural or substantive due process, where Second Chance Act only required BOP to consider placing inmate in RRC or in home confinement, but did not automatically entitle, or guarantee, any prisoner such placement).

Importantly, under the Second Chance Act, Petitioner is entitled at most to a maximum twelve months of the end of his federal sentence at an RRC or a halfway house. Petitioner's proposed release from his sentence is October of 2026. A federal prisoner with more than 12 months remaining on his or her sentence is unable to benefit from the Second Chance Act's provisions regarding placement in a RRC or halfway house. See Demis v. Sniezek, 558 F.3d 508, 514 (6th Cir. 2009). Accordingly, Petitioner is not entitled to habeas relief on his claim.

### III. CONCLUSION

It is ordered that the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is summarily dismissed. A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004); Petitioner need not apply for one before filing an appeal from the denial of his habeas petition. Petitioner is granted leave to appeal in forma pauperis because any appeal would be taken in good faith. See Foster v. Ludwick, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

SO ORDERED.

Dated: November 13, 2025             s/Mark A. Goldsmith
Detroit, Michigan                    MARK A. GOLDSMITH
                                        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2025.

                                       s/Joseph Heacox
                                       JOSEPH HEACOX
                                       Case Manager